# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21866-UU
Crim. No. 1:15-cr-20723-UU

JUNIEL B. RIOS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on the Eleventh Circuit's mandate vacating and remanding the denial of Petitioner's 28 U.S.C. § 2255 Motion (D.E. 57) and Magistrate Judge O'Sullivan's Report and Recommendation (D.E. 77).

The Court has considered the Motion, the Eleventh Circuit's mandate, the pertinent portions of the record, and is otherwise fully advised in the premises.

On October 31, 2017, Magistrate Judge White, who issued the Report and Recommendation adopted by this Court, held a hearing on the Motion and ultimately concluded that counsel did not perform deficiently by failing to appeal Petitioner's sentence. D.E. 47; D.E. 49; D.E. 50. The evidence at the hearing concerned only Petitioner's alleged request for the appeal, that is, the deficiency prong of an ineffective assistance of counsel claim. D.E. 49 at 4: 15–18; *id.* at 6: 23–25. Petitioner appealed the Court's denial of his Motion.

On September 27, 2019, the Court received the Eleventh Circuit's mandate vacating and remanding the denial of Petitioner's Motion. D.E. 57. The Eleventh Circuit held that Petitioner's counsel performed deficiently because counsel had a duty to consult with Petitioner regarding an

1

appeal after sentencing. *Id.* at 14. Because this Court did not address whether Petitioner, "had he received reasonable advice from counsel about the appeal, would have instructed [sentencing counsel] to file an appeal," the Eleventh Circuit vacated this Court's judgment and remanded for consideration of whether Petitioner was prejudiced by counsel's failure to consult with Petitioner about an appeal. *Id.* at 15.

The Court then referred this matter to Chief Magistrate Judge John J. O'Sullivan, who, on January 16, 2020, following an evidentiary hearing, issued a report (D.E. 77) (the "Report") recommending that Petitioner was prejudiced by his counsel's deficient performance because Petitioner would have instructed counsel to file an appeal, and that Petitioner be permitted to file an out-of-time appeal.

The Government filed objections to the Report and argues that "Petitioner failed to demonstrate a reasonable probability that he would have exercised his right to appeal even after [counsel] reasonably advised him against that course of action." D.E. 80 at 2. First, the Government contends that based on the Court's statements during sentencing, defense counsel and the Government "reasonably believed that the Court had granted Movant's request for a downward variance from the unchallenged career offender guideline set forth in the PSI, and therefore, the appeal waiver precluded an appeal." *Id.* at 3. But this objection ignores the Eleventh Circuit's opinion, which states:

> The record is ambiguous as to the district court's guideline calculations. Two possibilities emerge. It could be said, first, that the court implicitly adopted the PSR's uncontested guideline calculations, including the career-offender guideline range, and then varied downward from that range based on the § 3553(a) factors. Alternatively, the court may have decided that Rios was not a career offender under the guidelines, calculated the guideline range without the enhancement (70 to 87 months, plus 60 months consecutive), and then varied upward from that range based on the § 3553(a) factors. This latter theory is reflected in the court's "Statement of Reasons" for the sentence.

D.E. 57 at 4; *see also* Sentencing Transcript, CR-DE 40 at 11: 10–14 (The Court: "I'm not going to sentence him as a career offender, but what I am going to do is I'm going to sentence him to the statutory maximum on the drug charge and follow that with 60 months on Count 3 to take it to 180 months."). It was reasonable for counsel to believe that the Court varied upward.

Second, the Government states that the Court should honor the 2017 Report and Recommendation's statement that "there is no indication that the movant had a non-frivolous ground for appeal." D.E. 80 at 3 (citing D.E. 47:17). However, the 2017 Report did not evaluate prejudice, as the instant Report does.

Third, the Government points to Petitioner's desire to cooperate with the Government as proof that Petitioner would not have wanted to appeal. D.E. 80 at 3. It is true that counsel's defense strategy was to seek a reduced sentence and that Petitioner sent text messages to his mother expressing his eagerness to meet with the prosecutor. D.E. 77 at 7. The Report sufficiently addresses this objection:

> The government further argued that these text messages showed that the petitioner was still interested in cooperating with the government well after the 14-day period for filing a notice of appeal had passed. In other words, the petitioner's focus was on cooperating in hopes of obtaining a Rule 35 sentence reduction, rather than pursuing an appeal. The undersigned notes that many of these text messages were sent after the 14-day window for filing an appeal had expired, *thus cooperating with the government would have been the only option at that point*.

*Id.* (emphasis added).

Finally, the Government baldly asserts that although Magistrate Judge O'Sullivan found that Petitioner testified credibly about his desire to appeal, this Court should hold a separate evidentiary hearing to assess Petitioner's credibility. *Id.* at 6. This Court will not do so.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all of his findings.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 77, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGDED that the Motion, D.E. 1, is GRANTED IN PART. It is further

ORDERED AND ADJUDGDED that the Objections, D.E. 80, are OVERRULED. It is further

ORDERED AND ADJUDGED that the Petitioner shall be permitted to file an out-of-time appeal.

DONE AND ORDERED in Chambers, Miami, Florida, this _26th___ day of February, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
U.S. Magistrate Judge John O'Sullivan
counsel of record via CM/ECF